**ALEXANDER v HAIR et**

Ohio Appeals, 2nd Dist, Darke Co

No 587. Decided June 30, 1941

Murphy & Staley, Greenville, for plaintiff-appellant.

George F. Crawford, Greenville, for defendant-appellee, J. A. Hair.

## OPINION

By HORNBECK, J.

This is an appeal by plaintiff from a judgment in behalf of defendant, J. A. Hair.

Eleven errors are assigned, (1) and (2) in admitting evidence offered by the defendant, J. A. Hair which tended to change, alter and modify the terms of a written trust agreement and the terms of a written agreement of settlement. (3) In admitting other evidence offered by the defendant, J. A. Hair and (4) in refusing to admit evidence offered by the plaintiff. The 5th, 6th and 7th assignments are directed to the refusal to give before argument a special request of plaintiff, error in the general charge and in submitting certain interrogatories propounded by the defendant to tne jury. (8) and (9) the verdict is contrary to law and against the weight of the evidence, (10), in refusing to permit plaintiff to file his amended reply to the amended answer of J. A. Hair after verdict and (11), in overruling motion for new trial.

The action was upon a note given by James S. Hair, Mrs. James S. Hair and J. A Hair to the First National Bank of Leroy, Illinois, dated August 19, 1931, in the sum of $180.00 upon which judgment was sought and originally entered on behalf of plaintiff in the sum of $285.23, with interest. Thereafter on motion of the defendants the judgment was opened up and suspended and defendants, James S. Hair and J. A. Hair filed separate answers and J. A. Hair thereafter filed an amended answer.

Replies were interposed to the answers and the cause came on to trial to court and jury. At the conclusion of the case defendant, James S. Hair, withdrew his defense and judgment was reinstated against him. Upon issues drawn between the plaintiff and defendant, J. A. Hair, the jury returned a general verdict in behalf of the defendant and also answered certain interrogatories which were submitted to them by the trial judge upon the request of said defendant.

Hereinafter when we employ the word defendant, unless otherwise specified, it refers to defendant J. A. Hair.

The amended answer of defendant sets up three defenses, the first that defendant acted as trustee for one James W. Hitchell, an insolvent, who was indebted to numerous persons, including the plaintiff, First National Bank of Leroy, Illinois; that under the laws of the state of Illinois and under a contract with said bank, defendant was to receive a commission of 6 per cent in handling the trust; that he performed his obligations under the contract and by an agreement with the bank made full distribution of all funds coming into his hands at their request in the hope and expectation that other and further property would come into his hands for administration, out of which he would be able to receive the agreed commission, but that no other or further property came into his hands under said trust and that, if it be found that the note sued upon is a valid and sub-

sisting obligation against him, there should be set off against any amount found due thereon the sum due the defendant for administration of the aforesaid trust.

As a second defense it was asserted that on April 30, 1932, the defendant and the aforesaid bank entered into a settlement and compromise whereby the defendant executed and delivered to the bank and its liquidation officers all of his real estate in and about Leroy, Illinois, and that the bank through its officers and liquidators, to induce the defendant to execute said deed, represented that any settlement so made would settle any and all obligations that defendant owed said bank and that the promissory note set out in the petition was understood between the parties to be included in said compromise and settlement.

The third defense was a general denial except as to the execution of the note and that certain payments had been made thereon as averred in the petition.

The amended reply to the answer of defendant admitted the execution of a trust agreement to which the First National Bank of Leroy, Illinois, was a party wherein defendant, as trustee, was to administer the property of James W. Hitchell and that said agreement in writing provided among other things "that after deducting the costs and expenses of his trusteeship, including the trustee's fees and necessary attorney fees incident thereto, the balance of the property remaining in his hands should be applied to the full payment of the indebtedness of James W. Hitchell; that said J. A. Hair did account to and pay to said creditors, including the First National Bank, of Leroy, Illinois, all of the balance that he had in his hands, being the property of said James W. Hitchell; that by reason whereof said plaintiff is not now indebted to said J. A. Hair in any sum whatsoever for his trusteeship of said James W. Hitchell, nor is said J. A. Hair entitled to a set off to the note described in plaintiff's petition."

The second defense denied that there was any agreement or settlement entered into on or about the 30th day of April, 1932, between defendant and the bank but alleges that on April 30, 1935, defendant in writing to A. M. Wells, an escrow agent for the parties, did deliver to Wells a warranty deed for certain real estate located in Illinois, made to H. O. Feldman, then receiver for the bank, said Feldman as such receiver to procure a release of a mortgage upon said land and to cancel and release a judgment in favor of the bank against the defendant and secure the release of a judgment of the Alexander Lumber Company against defendant; that the judgment in favor of the bank did not include the note described in the plaintiff's petition; that on the first day of October, 1935, the defendant wrote the Comptroller of Currency who was in charge of affairs of the bank that the terms of the written agreement of settlement of sale had been fully complied with.

It may be stated that the reply to the first defense of the amended answer, insofar as it refers to the trust agreement and to the stipulation of settlement or sale in the second defense, correctly quoted the terms of said written instruments.

Some of the pertinent facts appearing are; that the original indebtedness represented by the note was that of James S. Hair, who was the son of defendant, J. A. Hair, and the payments on the note had been made from the proceeds of personal property which James S. Hair had turned over to the bank, which property included not only that appearing in the chattel mortgage but other chattels.

It is not disputed that the defendant acted as trustee of the Hitchell estate and liquidated most of its assets for the benefit of the creditors of Hitchell, among whom was the bank. It is testified that of the total indebtedness due the bank in the amount of $8200.00, defendant, by the process of liquidation, turned over at least $7600.00 upon which, had he received the compensation set out in the trust agreement,

there would have been due him an amount much in excess of the sum due on the note sued upon. Mr. Hair testifies that he realized a total sum in administration· of the trust in the amount of $20,000.00. He sold and converted all the real estate owned by Hitchell except one piece of property in Leroy which was estimated to be worth from $2000.00 to $4000.00 and testified that he would have purchased this property for $2800.00 but that the bank as a creditor would not approve the sale. Defendant testified fully as to his transactions in carrying out the terms of the trust agreement and also that he did not retain the expenses of the trusteeship, including his fees and attorney's fees, because the creditors, and particularly the bank, insisted upon all the proceeds being turned over to them and agreed that his compensation should come from the sale of other assets of the trust. It is to the admission of this testimony that the first assigned error is directed.

It also appears that in ·April of 1935 Mr. Feldman, Receiver of the bank, Mr. Alexander, his Assistant, and a Mr. Wells came to the home of defendant near Ansonia in Darke County and in the presence of defendant's wife and his daughter, Orpha Fries, the visitors discussed a settlement of defendant's indebtedness to the bank and it appears that as a result of the conference a written communication was prepared and signed by J. A. Hair and Minnie I. Hair, addressed to A. M. Wells, Decatur, Illinois, which is in terms substantially as heretofore set out in quoting from the amended reply of plaintiff to the amended answer of the defendant. This communication in setting out the obligation of Feldmann, Receiver of the bank, referred only to his cancellation and release of the judgment in his favor against the defendant, a cancellation and release of judgment in favor of the Alexander Lumber Company and a release of the mortgage held by the Preacher's Aid Society against the defendant.

The defendant and his daughter both testified that prior to the signing of the ·communication Mr. Feldmann, speaking for the bank, had said that if defendant would deed his property to the bank as proposed "it would clean the slate" against the defendant or words to that effect.

Objection to this testimony was interposed by plaintiff and its admission is made the basis of the second assignment of error upon the claim that it tended to change, alter and modify the terms of the written agreement of settlement.

At the outset it should be observed that the case went to the jury upon two specific defenses and if either was properly submitted the general verdict must be supported under the two issue rule.

It is our judgment that the court did not err prejudicially in admitting the testimony on behalf of the defendant· as to the trust agreement.

The amended reply of the plaintiff admits the trust agreement as to the Hitchell property, that the bank was one of the creditors for whom defendant was acting and that he turned over to the creditors, including the bank, all of the balance that he had in his hands, being the property of Hitchell. It does not appear, nor is it the claim of the plaintiff, that it did not receive all of its pro rata share of all of the money which the defendant realized from the liquidation of the Hitchell trust nor that he took· any part of the money for payment of his fees and attorney's fees to which he was entitled under the 4th paragraph of the trust agreement. Defendant has received nothing for his services as trustee.

Inasmuch as there is no refutation of the proof that the bank accepted all of the money made by Hair in the liquidation of the Hitchell trust under circumstances that· establish that the bank knew that the trustee had not taken his commission, we find no merit in the defense that thereby he was entitled to no compensation. It was

the obvious intent and purpose of the written agreement that defendant be compensated for his services and the mere fact that he did not follow the exact terms of the trust agreement, in assuring himself priority as to payment, will not permit a defense that he is entitled to no compensation. The testimony that he did not take his compensation because the bank and other creditors were insisting that they be paid in violation of the express terms of the contract is immaterial, in the light of the admissions of the reply and under the circumstances which conclusively establish that the bank accepted this money knowing that by doing so, it was securing a preference and the defendant was foregoing his right to immediate payment of compensation.

The testimony respecting defendant's transactions as trustee was not in derogation of the terms of the contract but a statement of what was done under the contract.

We do not believe that it was essential to proof of plaintiff's claim that he was entitled to compensation to establish that after he had distributed its pro rata share of proceeds to the bank that officers of the bank agreed that he might be compensated. Such a claim was not made by defendant's answer which relied upon the trust agreement as to right to compensation.

He did not need to go beyond the contract to establish that he was entitled to compensation for services rendered as trustee and such further testimony was not prejudicial because it added nothing whatever to the quality of his proof.

The issue made by the reply to defendant's claim for compensation is not clear. Payment is not pled, neither is waiver nor estoppel, all affirmative defenses. So that, practically, upon the record, there is left only the claim that the defendant is entitled to no compensation because he did not take full advantage of his right to priority over the bank in the payment of his fees. Upon this question alone the jury clearly was within its rights

in holding for the defendant and, as we view it, no prejudice resulted by reason of the admission of the testimony in behalf of defendant which was offered and accepted over the objection of the plaintiff.

No reason appears for extended discussion of the rule against the admission of parol testimony to vary the terms of the written trust agreement upon the facts in this record.

Coming to the admission of the oral testimony relating to the written communication of April, 1935, we are of opinion that, if this testimony was admissible it is upon the application of two exceptions to the parol evidence rule. First, that the promise to "wipe the slate clean," which must be interpreted to mean that the bank would cancel all of the indebtedness of the defendant to it, was an inducement to the written communication, 17 O. Jur. 527 and many cases there cited.

Second for the purpose of showing additional consideration to that expressed in the letter. **Conklin v Hancock, 67 Oh·St 455; Davis v Coffield, 1 O. Dec. Rep. 267; Taggart v Stanberry, (C. C.) 2 O. F. D. 138.** These cases arise out of a consideration stated in deeds as to which we recognize the courts make some distinction from contracts. The is stated in **17 O. Jur. 540,**

"Where the consideration stated in the written contract is not merely a recital. but is of a contractual nature, there is a difference of opinion as to the admissibility of parol evidence to show a money consideration additional to that named in the writing. One line of authorities denies the right to introduce parol evidence in such a case. This rule has been adopted in Ohio."

Citing **Cassilly v Cassilly, 57 Oh St 582.**

The letter is a troublesome document. An examination discloses that there is no mention of consideration in terms of amount and the inference that there was no further consideration for the contract than the release of the mortgage and judgments must be drawn

solely from the fact that no other or different consideration is mentioned. It is unlike the instrument in Cassily v Cassily where the consideration is definitely set forth and so designated.

It is our judgment that without facts justifying a reformation of the terms of the letter based upon ██ mistake or fraud, it may not be contradicted by the oral testimony. **Church v Pennington, 18 O. C. C. 409.**

Discussion of the admissibility of this testimony is somewhat academic and not very thorough because it is not determinative of our judgment and because we hereinafter find that the second defense was not properly presented under the general charge of the court.

It is assigned as error that the court refused testimony proffered by the plaintiff by the witness, Mr. Alexander, to the effect that from the property deeded to the bank under the terms of the settlement of April, 1935, there was realized considerably less than the face amount of the judgment of the bank against defendant.

We are satisfied that this testimony was properly excluded for the reason that the bank acted with ██ full knowledge of its rights, its agent dictated the communication, the language clearly committed the bank to release the judgment and finally there is nothing in the document to disclose, nor is it claimed by the bank, that the purpose of the settlement was anything other or further than to secure settlement for its judgment. There is nothing in the record which tends to show that the parties consummated the settlement upon the theory that the land deeded to the bank was equal in value to the amount of the judgment of the bank against the defendant nor that compensation due defendant under the trust was considered in the settlement and the plaintiff made no such issue by its pleading.

The 5th assignment of error is directed to refusal of the court to give a special charge at the request of the plaintiff embodying the plaintiff's view of the law that defendant was not entitled to compensation because of the application of the terms of the trust agreement. This claim is not well made.

The 6th assignment of error is directed to the general charge of the court as to the rights of the defendant under the trust agreement which, without further comment, we are satisfied was correct, and upon the memorandum of settlement upon which the court charged as follows:

"It is for you, members of the jury, to determine what was intended and included by the parties in using the terms in the stipulation of settlement and sale as follows: 'And upon the cancellation and release of judgment in favor of H. O. Feldmann, Receiver of the First National Bank of Leroy, Illinois.'

If, as a result of your deliberations you find that the defendant has failed to prove that the contract included the note sued upon, then, of course, the defendant has failed to carry the burden of proof upon the second defense of his answer.

If, however, you find from a preponderance of the evidence in this case that the note sued upon was included in that settlement and compromise which has been referred to you, then the court says to you that such settlement and compromise,—the legal effect of the settlement and compromise— would be to discharge the obligation of the note sued upon, and in such event your verdict should be for the defendant."

The first paragraph of this charge relating to the settlement, in our judgment, is not correct under ██ the development of the testimony in the record. We can make no permissive interpretation of the testimony that the reference to the "cancellation and release of the judgment in favor of the Receiver" of the bank could have been ambiguous. The bank certainly knew

of what the judgment consisted, as likewise did the defendant.

If admissible, we may accord good faith to all who testify as to the subject matter which made up the agreement of April, 1935, upon the hypothesis that neither the representative of the bank nor the defendant then had the note sued upon specifically in mind. The fact that the bank had not notified the defendant respecting his obligation on the note until after the settlement but sent its notices to James A. Hair, might be the reason why the representative of the bank did not have this note in the aspect of the obligation of defendant in mind at any time during the conversation or the preparation of the written communication. Likewise, because the defendant was, in his judgment, liable secondarily only on the note, he may not have associated it with anything that was stated in the written communication or by word of mouth. However, this makes no difference because if the language was employed by the representative of the bank, which the defendant and his daughter testified was used, if admissible, it would be binding upon the bank to release the defendant from his obligation on the note sued upon. But nothing that appears in the written communication nor any knowledge that the record discloses was possessed by the defendant will permit of the construction that cancellation and release of the judgment, in favor of Feldmann, Receiver, is ambiguous.

The 7th assignment is that the court erred in submitting the three interrogatories to the jury at the request of defendant. The first,—"Did J. A. Hair administer a trust under a contract with the First National Bank of Leroy?", answered, "Yes". The second,—"Did said contract provide for the payment of such services?", answered, "Yes". The third, "Has he been paid for that service?", answered, "No".

It is true that the replies to these interrogatories elicited no answer to any disputed ultimate fact █ and the answer to the third interrogatory went

to the defense of payment, an issue not raised by the pleadings. The submission, though not required, certainly was not prejudicial.

The tenth assignment of error is directed to the refusal of the trial court to permit the plaintiff to file his amended reply to the amended answer of defendant after the verdict. █ We can find no basis for this assignment of error. We perceive no good reason why the subject matter of the amended reply which is sought to be incorporated, after the verdict, could not have been prepared and carried into the reply, prior to the verdict.

We find no assignment of errors established except as to the admission of oral testimony to vary the terms of the written instrument in the second defense and the 6th as to one part of the general charge. However, as this related to one issue only, the judgment will be affirmed.

GEIGER, PJ., concurs.
BARNES, J., concurs in judgment.